IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CALEB CAMPBELL, #99447,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-00978-SMY |
| ) | |
| **STATE OF ILLINOIS,** ) | |
| **BROOKLYN POLICE DEPT.,** ) | |
| **ILLINOIS STATE POLICE DEPT., and** ) | |
| **MADISON COUNTY CIRCUIT COURT,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Caleb Campbell, a pretrial detainee in the Madison County Jail, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights (Doc. 1). Following preliminary review under 28 U.S.C. § 1915A, the Complaint was dismissed for failure to state a claim for relief (Doc. 11). This matter is now before the Court for preliminary review of the First Amended Complaint (Doc. 13). Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 13): Plaintiff struck Officer Brian Pierce Jr. with his vehicle on August 4, 2021 when Pierce ran out in the roadway "without making himself visible." Brooklyn Police Department is responsible for training their officers and their negligence caused Plaintiff's vehicle to be destroyed.

The Illinois State Police filed a first-degree murder charge and a reckless homicide charge

against Plaintiff in the Madison County Circuit Court on August 20, 2021. Special Agent Lowery told Plaintiff he thinks the incident was a mistake. A police officer has a duty to only file charges that he believes to be true. The Illinois State Police Department is responsible for making sure their officers are properly trained and prohibited from filing frivolous charges. The filing of the charges constitutes negligent and intentional infliction of emotional distress.

Madison County Assistant Prosecutor Luke Yager intentionally misled the grand jury to secure the indictment for first degree murder. His actions constitute negligent infliction of emotional distress.

### Preliminary Dismissals

The State of Illinois and Madison County Circuit Court are not subject to suit for money damages under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Nor can they be held liable under a theory of respondent superior for the actions of their employees. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Accordingly, the State of Illinois and Madison County Circuit Court are **DISMISSED**.

Plaintiff refers to individuals in his statement of claim who are not named as defendants. Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. Therefore, claims against any individuals not identified as defendants in the case caption are **DISMISSED**. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

### Discussion

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."[1] *Baker v. McCollan*, 443 U.S. 137, 146

---

[1] Plaintiff filed the First Amended Complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 ("FTCA") (Doc. 13, p. 1). The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Because this matter involves claims against alleged state actors, any claim Plaintiff seeks to bring for a violation of a constitutional right falls under § 1983.

(1979). "Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Id.* Looking beyond Plaintiff's characterization of his claims, the allegations do not rise to the level of a colorable constitutional claim.

To state a failure to train *Monell*[2] claim against the Brooklyn Police Department, Plaintiff must allege an underlying constitutional violation by its employee. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). Here, there is no constitutional violation based on the allegation that Officer Pierce ran into the roadway and was struck by Plaintiff's vehicle. Similarly, Plaintiff fails to state a claim against the Illinois State Police Department because he has not alleged a constitutional violation by one of its employees. Contrary to Plaintiff's allegations, the Illinois State Police Department does not "file" criminal charges, that falls within the purview of the State's Attorney's Office. Because Plaintiff asserts only negligence claims, he fails to state a colorable claim under § 1983.

For these reasons, the First Amended Complaint does not survive preliminary review under §1915A and must be dismissed.[3]

## Disposition

The First Amended Complaint is **DISMISSED** for failure to state a claim for relief.[4] The dismissal, however, is without prejudice to Plaintiff pursuing whatever remedies he may have in state court. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court

---

[2] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

[3] Because Plaintiff's claims under § 1983 do not survive preliminary review, the Court declines to exercise supplemental jurisdiction over any alleged state law claims. *See* U.S.C. § 1367(c)(3) (court may decline supplemental jurisdiction over claim if it has "dismissed all claims over which it has original jurisdiction").

[4] The problems with the First Amended Complaint cannot be cured by permitting Plaintiff to amend. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

    The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

    **IT IS SO ORDERED.**

    DATED:  July 7, 2022

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**